**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**JOHAN RIVERA ROSA,**

**Plaintiff,**

**v.**                                               Civil No. 08-1488 (GAG)

**MICHELE M. LEONHART, et al.,**

**Defendants.**

## OPINION AND ORDER

Presently before this court is defendant's motion to dismiss (Docket No. 13). For the reasons stated herein, the court **DENIES** the aforementioned motion.

**I.   Background**

The underlying facts of the present action are as follows. On February 4, 1997 the Drug Enforcement Agency ("DEA") issued seizure warrants directed at monies held in several bank accounts at Banco Santander and Banco Popular in the name of the plaintiff Johan Rivera-Rosa. Docket No. 3 at 2; Docket No. 13 at 2. The DEA sent written notice of the seizures to Mr. Rivera-Rosa's home address, despite knowing that he was incarcerated in the Dominican Republic and would likely not receive such notifications. Docket No. 13-2 at 2-3. By February 1, 1999, the DEA forfeited a total of $181,554.30 in United States currency from those bank accounts. Docket No. 13 at 2. After the seizures, the government unsealed an indictment (Cr. No. 96-337) in the United States District Court for the District of Puerto Rico, which charged Mr. Rivera-Rosa with several violations of federal narcotics laws. Docket No. 3 at 3. On January 30, 2003, Mr. Rivera-Rosa was convicted in Cr. No. 96-337. Docket No. 3 at 3.

Mr. Rivera-Rosa has now brought a claim in this court arguing that the DEA violated his due process rights under the Fifth Amendment. Docket No. 3. Specifically, the plaintiff avers that his property was seized without due process of law, given that he had no notice of the forfeiture proceeding and, thus, was not given the opportunity to dispute it. The United States argues in its motion to dismiss, Docket No. 13, that the statute of limitations on this action has already run and,

**Civil No. 08-1488 (GAG)**

hence, Mr. Rivera-Rosa's claims should be dismissed. The defendant's argument rests on the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. §§ 981 et seq., which provides a statute of limitations of five years. The United States contends that the present action was brought after the effective date of CAFRA (August 23, 2000) and that, therefore, the CAFRA statute should apply. Thus, given that the forfeiture took place in 1999 and this claim was brought eleven years later, the government contends that the claim falls outside the five-year statute of limitations. Mr. Rivera-Rosa, on the other hand, argues that CAFRA does not apply because this action is part of the 1999 administrative forfeiture and, therefore, was not brought after the August 23, 2000 effectivity date of CAFRA. The plaintiff argues that this action is subject to a six-year statute of limitations under the old law. See 28 U.S.C. § 2401(a). Furthermore, he posits that the six-year statute of limitations should begin running in 2003 when he was sentenced in his related criminal case (Cr. No. 96-337). Accordingly, given that the instant action was brought only five years after he was sentenced, Mr. Rivera-Rosa submits that the statute of limitations has not expired.

The United States argues, alternatively, that the plaintiff had notice of the seizure because notice was sent to his home address and also published in May 14, 21, and 28, 1997. If the defendant's assertion that plaintiff had notice is correct, then, according to CAFRA, the plaintiff had until the date stated in the notice of seizure to file a claim.[1] 18 U.S.C. § 983(a)(2)(B). If the notice of seizure was not received, then the plaintiff had until no later than 30 days after the date of final publication of the notice to file a claim. Id. Since the pleadings do not mention whether the notice of seizure included a deadline, according to the statute, Mr. Rivera-Rosa would have had 30 days from the date of the final publication to file a claim. Id. Mr. Rivera-Rosa failed to bring a claim within this time frame. The United States argues, consequently, that it complied with due process because it notified Mr. Rivera-Rosa of the seizure and Mr. Rivera-Rosa failed to contest it. Mr. Rivera-Rosa replied stating that the United States knew he was in prison in the Dominican Republic

---

[1] Such date could not have been earlier than 35 days after the date the notice of seizure was mailed.

**Civil No. 08-1488 (GAG)**

and did not make the appropriate arrangements to send him the notice of seizure there. Therefore, the plaintiff posits that he did not have either actual notice or constructive notice of the seizure and, thus, did not have the opportunity to dispute it. The plaintiff submits that this is a violation of his right to due process.

**II.     Motion to Dismiss Standard**

Rule 12(b)(6) permits a party to move for dismissal for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The court accepts as true all well-pleaded facts and draws all reasonable inferences in the non-moving party's favor. Id.; Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).

**III.     Discussion**

Before the enactment of CAFRA, the statute of limitations for an action to recover forfeited property was six years. See 28 U.S.C. § 2401(a); see also Arevalo v. United States, 238 F.App'x 869, 871 (3d Cir. 2007). After the enactment of CAFRA, the statute of limitations was changed to five years. 18 U.S.C. § 983(e)(3). CAFRA's effectivity date was August 23, 2000. The parties to this action are in disagreement about which statute of limitations should apply. The United States argues that this action was filed after August 23, 2000 and, thus, CAFRA's five-year statute of limitations should apply. Mr. Rivera-Rosa, on the other hand, argues that this action relates back to the forfeiture of his property that took place in 1999. Since the forfeiture took place before August 23, 2000, the plaintiff contends that the six-year statute of limitations should apply. Several Courts of Appeal have touched upon this issue. See, e.g., United States v. Real Property, Buildings, Appurtenances and Improvements at 221 Dana Avenue, Hyde Park, Massachusets, 261 F.3d 65, 71 (1st Cir. 2001); United States v. $80,180.00, 303 F.3d 1182, 1186 (9th Cir. 2002); United States v. $557,933.89, 287 F.3d 66, 76 (2d Cir. 2002); Arevalo, 238 F.App'x at 870. However, only the Third Circuit has discussed the issue squarely. Said Court, in the case of Arevalo v. United States, held

**Civil No. 08-1488 (GAG)**

that the five-year statute of limitations set forth in CAFRA did not apply to a forfeiture proceeding that was commenced before its effectivity date, even though the civil action challenging the forfeiture commenced after the effectivity date. Arevalo, 238 F.App'x at 870. Consequently, the court held that the pre-CAFRA six-year statute of limitations should be applied. Arevalo, 238 F.App's at 871; see also 28 U.S.C. § 2401(a). This court agrees with the Third Circuit. Therefore, the pre-CAFRA statute of limitations of six years shall be applied to this action.

The statute of limitations in an action to contest a forfeiture begins to run at the date of notice of the seizure or, alternatively, at the date of conviction if the forfeiture is related to the criminal proceeding. See, e.g., Skwira v. United States, 344 F.3d 64, 73 (1st Cir. 2003) (holding that in the medical malpractice context, a claim accrues when an injured party knows of the existence and cause of his injury); Dziura v. United States, 168 F.3d 581, 583 (1st Cir. 1999) (holding that the applicable limitation period ordinarily begins to run when an injured party knows or should know the critical facts related to his case); Rodriguez v. Banco Central, 917 F.2d 664, 665 (1st Cir. 1990) (holding that the statute of limitations in a RICO action began to run when plaintiff discovered, or should have discovered, his injury). It is unclear from the facts of the case whether the forfeiture that took place in 1999 was related to the criminal proceeding which concluded in 2003. Furthermore, it is unclear whether the plaintiff had notice of the seizure, which would have effectively made the statute of limitations start running. These are issues of fact that have to be further developed through discovery. After such issues are ascertained, the remaining issues of law can be decided in a motion for summary judgment or, alternatively, at trial. Furthermore, if the court were to look at these claims in the light most favorable to the non-moving party (here, the plaintiff), it would have to find that Mr. Rivera-Rosa did not have notice of the seizure and could only have attained knowledge at the end of the related criminal proceeding. As such, the statute of limitations would not have elapsed given that he was convicted in 2003 and the instant action was brought in 2008, less than six years after the conviction.

Finally, the court finds that there are also issues of fact as to whether the plaintiff had notice

**Civil No. 08-1488 (GAG)**

of the seizure and had the opportunity to dispute it.  In order to rule on these issues, they have to be further developed through discovery.

**IV.    Conclusion**

    For the abovementioned reasons, the court **DENIES** the defendant's motion to dismiss (Docket No. 13).

    **SO ORDERED.**

In San Juan, Puerto Rico this 8th day of December 2008.

                                          S/Gustavo A. Gelpí

                                          GUSTAVO A. GELPI

                                          United States District Judge